# Israel Farkash

4118 14th Ave., # 40
Brooklyn, N.Y. 11219
Tel: 718-669-1991
Fax: 347-521-2037
E-mail:Israel@ifarkash.com

SDNY RECEIVED PRO SE OFFICE 2018 MAY 29 PM 3: 44 S.D. OF N.Y.

May 29, 2018

By Hand Delivery
Hon. Andrew L. Carter, Jr.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

           Re:  Index #  18-cv-3699
               Farkash v. Five Star Travel et. al.

Dear Your Honor,

    In response to Mr. Vann's letter dated May 17 2018, I object to his response seeking an extension of time for 21 days after the last defendant is served, and to his other mischaracterizations.  While I have no objection to the defendants receiving more time if they contacted me, I oppose the request as Mr. Vann does not formally represent any party to this action, and as of today I have not been contacted by anyone.

    The letter as a whole appears to have a motive other than the extension request.  While the letter was dated May 17, 2018, But I received it on May 24, 2018.

    Mr. Vann states that he will be representing some defendants but clearly he has not served any notice of appearance nor advised even which defendants he would be representing.   I have not been served with any notice of appearance by any party either.  Similarly, it is beyond me how Mr. Vann can act on behalf of Mr. twersky's would be clients when not a single attorney or party has yet appeared.

    In *Woods v. Empire Health Choice, Inc., 574 F.3d 92, 95 (2nd Cir., 2009)*, the court dealt with a plaintiff who's attorney failed to file and serve a formal notice of appearance, in which case the client remained a pro se unrepresented party.  It is even more so in the case of a defendant such as here.

Hon. Andrew L. Carter, Jr.
May 28, 2018
Page 2 of 2

    Similarly, Mr. Vann's statement as to not having seen affidavits of service is misplaced.  See <u>Grammenos v. Lemos, 457 F.2d 1067, 1070  (2nd Cir., 1972)</u>, "A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer".

    As to his extension request, the letter seeks to extend the time to 21 days after the last defendant is served.  This is not acceptable.  While I have served the majority of the defendants, the remaining defendants eluded service so far. It is one thing for a defendant to delay being served, but to keep the whole action in an inchoate state by such delay tactics is prejudicial.

    Mr. Vann claims this action is not the first one, referring to a prior action in the Eastern District, making it appear as though this is the same action, however, that is a mischaracterization of both actions.  That prior action was against G&G and some related defendants, whereas this action is a different matter, various different defendants and other acts. Evidently, he mislabels this action in the beginning of his letter to suit this mischaracterization.

    As to venue, Mr. Vann claims it is improper, sneaking this issue into a letter supposedly seeking more time, and while not having appeared yet.  Should the defendants raise this issue in a motion, I will most certainly respond on why venue is indeed proper in this district.  Of interest to note, multiple if not a majority of the acts complained of, occurred within the Southern District, including in no other place than Mr. Vann's office, who acted and was part and parcel of the acts.

    I also respectfully request that the court permit the summons to be amended as to defendant Five Star Travel Inc., to Five Star Travel of Brooklyn, Inc., pursuant to FRCP Rue 4(a)(2), so that I may re-serve a properly named summons.  I inadvertently missed the words "of Brooklyn". Although the address is correct and I served an officer of the corporation, there is another corporation named "Five Star Travel, Inc.

    Very truly yours,

    Israel Farkash

cc: All served defendants by mail; and
    Mr. Vann by fax and mail