USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9-23-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ISRAEL FARKASH,

    **Plaintiff,**           18-cv-03699 (ALC)

    - against -           **OPINION & ORDER**

FIVE STAR TRAVEL INC. ET AL.,

    **Defendants.**
-------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

*Pro se* Plaintiff Israel Farkash filed the instant action against Defendants Ahron Mordechi Glauber a/k/a Ahron Mordechai Friedman, Miriam Glauber, Yonah Glauber, Rachel Eisdorfer, Kalman Eisdorfer, Eluzer Horvitz, Shulem Horowitz, J.t. Ruhaipari Vamszabadteruleti Korlatolt Felelossegu Tarsasag, Shimon David Davidovitz, Frida Davidovitz, Nuchem Weltz, Eizik Braun, Dove Pinchas Segal, G&G Quality Clothing Inc., Fillmore Ct Inc., Five Star Travel Inc., John Doe 1 through 60, and Jane Doe 1 through 60 (collectively "Defendants") for allegedly violating the Racketeering Influenced Corrupt Organizations Act (18 U.S.C. § 1961, et seq) ("RICO") and various related charges.[1] On October 15, 2018, Plaintiff filed a Notice of Voluntary Dismissal but claimed Defendants forced him to do so. Defendants and their attorney, Avrom R. Vann (collectively the "Moving Parties"), oppose Plaintiff's assertions and now move for a Permanent Injunction enjoining Plaintiff from commencing future related proceedings against them without

---

[1] Plaintiff also charged Defendants with the following: violating the Hobbs Act (18 U.S.C.§371); Interference With Commerce By Threats Or Violence (18 U.S.C.§1951); Extortion, By Force, Violence, Or Fear; Money Laundering (18 U.S.C.§1956); IRS Fraud(26 U.S.C.§7201); Bank Fraud; Customs fraud; Mail Fraud (18 U.S.C.§1341); Wire Fraud (18 U.S.C. § 1343); Sale Or Receipt Of Stolen Goods, Securities, Moneys, Or Fraudulent State Tax Stamps (18 U.S.C. § 2315); and Interstate And Foreign Travel Or Transportation In Aid Of Racketeering Enterprises (18 U.S.C. § 1952). ECF No. 1.

1

COPIES MAILED

Court approval. For the following reasons, Plaintiff's Voluntary Dismissal is approved, and the Moving Parties' Motion is Denied.

## BACKGROUND

### I. Plaintiff's First Action

Before commencing this action, Farkash and Ahron Berlin filed a RICO action based on the same operative facts against Defendants Ahron Mordechai Glauber, G & G Quality Clothing, Inc. and the Vann in the Eastern District of New York ("EDNY"). *See Farkash v. Avrom R. Vann, P.C.*, 17-cv-3352. Judge Joan Azrack dismissed this action pursuant to Farkash's Notice of Voluntary Dismissal dated June 21, 2017.

In his Notice of Voluntary Dismissal, Farkash claimed Defendants threatened him into discontinuing the lawsuit. Vann then sought leave to file a motion to strike the portion of the Notice of Voluntary Dismissal referencing the alleged threats against the Plaintiff. Judge Azrack declined to hear the motion but stated "that by closing the case in response to Plaintiffs' Stipulation the Court in no way adopted or endorsed the unsupported representation that Plaintiff was threatened." *See* Docket Entry July 25, 2017.

### II. Plaintiff's Second Action

Plaintiff Farkash filed the instant action on April 26, 2018, asserting the same RICO related claims in the EDNY lawsuit. ECF No. 1. On May 31, 2018, after various filings and objections submitted by both parties regarding deadline extensions and proper service, the Court ordered Plaintiff to show cause as to why the case should not be transferred to the EDNY. *See* ECF Nos. 4-8, 20-28. On October 15, 2018, before the Court ruled on venue, Plaintiff filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

2

ECF No. 45. Again, Plaintiff claimed Defendants forced his hand by threatening him with a "FINANCIAL DEATH SENTENCE" should he continue to litigate. *Id.*

Plaintiff's allegations prompted Vann and the Defendants to file the instant motion seeking an order permanently enjoining Farkash, individually, or in concert with any other party or parties, or anyone acting on behalf of Farkash, from commencing any lawsuit, action or proceeding against anyone or more of the Moving Parties in this Court, in the United States District Court for the Eastern District of New York, in the Supreme Court of the State of New York, or in any other Court other than by way of Appeal of this Court to the United States Court of Appeals for the Second Circuit without first obtaining the advance consent of this Court. ECF No. 50. Plaintiff responded in separate letters on February 19, 2019, March 7, 2019, and May 5, 2019 opposing an injunction and realleging Defendants' threats. ECF Nos. 53, 58, 60. Plaintiff's subsequent letters also reiterated his desire to dismiss the case.

## DISCUSSION

### I. Voluntary Dismissal under Rule 41(a)(1)(A)(i)

Under Rule 41(a), a plaintiff may dismiss its action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Fed. R. Civ. P. 41(a)(1)(A)(i). Ordinarily, when a plaintiff files such a notice the case is immediately closed. Plaintiffs are permitted to seek such relief by filing notices of voluntary dismissal, letters, or motions. *See Guthrie v. Fed. Bureau of Prisons*, 2010 U.S. Dist. LEXIS 7776, 2010 WL 339759, at *2 (S.D.N.Y. Jan. 26, 2010); *Aguiar v. Murray*, No. 11-CV-3944 (DLI)(LB), 2014 U.S. Dist. LEXIS 45799, at *4-5 (E.D.N.Y. Mar. 31, 2014). Generally, plaintiffs will be bound by the filing of such submissions, regardless of whether the submissions were filed *pro se. Id.*; *see also Graham Kandiah, LLC v. J.P. Morgan Chase Bank, N.A.*, 2009 U.S. Dist. LEXIS 51499, 2009

3

WL 1704570, at *3-4 (S.D.N.Y. Jun. 18, 2009) (denying pro se plaintiff's request for relief from a judgment resulting from pro se plaintiff's notice of voluntary dismissal under Rule 41(a)(1)(A)(i) as "a pro se party may not be excused for failing to consult a Federal Rule of Civil Procedure that clearly states the consequences of taking or failing to take a particular action" (citing *Caidor v. Onondaga Cnty.*, 517 F. 3d 601, 605 (2d Cir. 2008))).

It is unclear how voluntary Farkash's Rule 41(a)(1)(A)(i) dismissal is. Indeed, the Second Circuit has explained that "[a]s long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge." *Thorp v. Scarne*, 599 F. 2d 1169, 1171 n.1 (2d Cir. 1979). However, *Thorp* is distinguishable. The facts of this case are more akin to those in *Aguiar v. Murray.* In *Aguiar,* a *pro se* plaintiff (an inmate in the Brooklyn Metropolitan Detention Center ("MDC")) filed a notice of dismissal that claimed defendants (MDC employees) threatened, harassed, or otherwise coerced him into withdrawing his First Amendment retaliation action. Despite the "scant case law" analyzing whether courts should review Rule 41(a)(1)(A)(i) notices for voluntariness, the court declined to endorse plaintiff's request for dismissal.

Along with the plain text of Rule 41, the *Aguiar* Court relied on *Warfield v. Alliedsignal TBS Holdings, Inc.*, 267 F. 3d 538 (6th Cir. 2001) to conclude that courts have a duty to determine whether a plaintiff's notice of dismissal under Rule 41(a)(1)(A)(i) is, indeed, voluntary. *Warfield* also involved ambiguity as to whether the plaintiff filed the dismissal voluntarily, or as she asserted, under duress. *Id.* at 542-43. After reviewing the evidence in the record, the Sixth Circuit rejected plaintiff's assertion that she was forced to dismiss her claims. *Id.* at 542-44.

4

After analyzing *Warfield*, the *Aguiar* Court elected not to make findings as to the veracity of plaintiff's threat, harassment, and coercion claims. The Court pointed out it could not, without further inquiry, endorse the plaintiff's request for dismissal as filed *voluntarily* since plaintiff's submissions expressly stated otherwise. *Id*. Nevertheless, the Court dismissed the complaint for lack of subject matter jurisdiction.

Farkash appears to be under different pressures as the plaintiff in *Aguiar*. There, the pressures were significantly more immediate. The gravamen of the *Aguiar* plaintiff's complaint was that defendants threatened, intimidated, and retaliated against him for assisting other inmates in filing grievances against various MDC corrections officers. *Id* at *3. The plaintiff informed the court that subsequent harassment and retaliation at the hands of the defendants caused him to want to "drop the lawsuit to avoid problems with [MDC staff]." *Id* at *3-4. Farkash's Complaint does not involve the inherit coercive pressures of retaliation claims, especially where the accuser remains under the defendant's supervision.

Furthermore, Farkash offers no persuasive evidence that his dismissal request is involuntary. Plaintiff contends he "had no choice but [to] enter an agreement which include this dismissal" because he faced a "FINANCIAL DEATH SENTENCE [as the result] of Defendants extortion in an upright malicious witch hunt to death." ECF No. 45. Taking these claims as true, Plaintiff apparently contends he sought to dismiss the case subject to an agreement signed under economic duress.[2] Indeed, the economic duress doctrine may void an agreement "where the

---

[2] The Second Circuit has declared that economic duress "arises from the theory that the courts will not enforce an agreement in which one party has unjustly taken advantage of the economic necessities of another and thereby threatened to do an unlawful injury." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 122 (2d Cir. 2001). The burden of showing economic duress sufficient to void a release agreement is heavy. *Id. at* 123; *see also Eklecco Newco LLC v. Town of Clarkstown*, No. 16-CV-6492 (NSR), 2019 U.S. Dist. LEXIS 85487, at *26 (S.D.N.Y. May 21, 2019).

5

complaining party was compelled to agree to its terms by means of a wrongful threat which precluded the exercise of his free will." *Eklecco Newco LLC,* 2019 U.S. Dist. LEXIS 85487, at *26 (quoting *Davis & Assocs. v. Health Mgmt. Servs.*, 168 F. Supp. 2d 109, 114 (S.D.N.Y. 2001)).

Here, Farkash does not sufficiently allege economic duress. Though he repeatedly asserts he is running from a "financial witch hunt," nothing in the record indicates Defendants made illegal threats. *See Eklecco Newco* LLC, 2019 U.S. Dist. LEXIS 85487, at *27-28; *DuFort v. Aetna Life Ins. Co.*, 818 F. Supp. 578, 582 (S.D.N.Y. 1993) (A "threat to do that which one has the right to do does not constitute duress." (quoting *Gerstein v. 532 Broad Hollow Rd. Co.*, 75 A.D.2d 292, 429 N.Y.S.2d 195, 199 (N.Y. App. Div. 1st Dep't 1980)); *Warfield*, 267 F.3d at 542. The evidence suggests Farkash's financial interests forced him to enter the agreement and dismiss this case; not Defendants. Therefore, Farkash filed his Notice of Voluntary Dismissal under his free will and this case is dismissed.[3]

## II. The Moving Parties' Request for Permanent Injunction

The Moving Parties seek a Permanent Injunction precluding Farkash and his affiliates from commencing further lawsuits against them without Court approval. "When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future." *Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997); *see also Newman v. Jewish Agency for Israel*, No. 16-CV-7593, 2017 WL 6628616, at *7 (S.D.N.Y. Dec. 28, 2017), aff'd sub nom. *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709 (2d Cir. 2019) (citing *Lacy v. Principi*, 317 F. Supp. 2d 444, 449

---

[3] Farkash also requested the Court stay this action until after a proceeding in Israel conclude. Farkash's request is denied.

(S.D.N.Y. 2004). Courts consider: (1) the litigant's history of litigation and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Newman*, 2017 WL 6628616, at *7 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir*, 792 F.2d at 24.

Considering the *Safir* factors, Farkash's litigious behavior leaves little room for sympathy. *Id.* In addition to the RICO case filed and voluntarily dismissed in the EDNY, while the motions in this case were pending, Farkash's Co-Plaintiff in the EDNY case filed a third Complaint alleging RICO violations in the Supreme Court of the State of New York, County of New York against Defendants on February 25, 2019. *See* ECF No. 61-1. These suits are virtually identical; separated only by jurisdictions. Furthermore, Farkash provided no reasonable justification for filing these separate suits. Thus, Farkash's lawsuits are clearly "duplicative" and border on "vexatious" and harassing. *See Newman*, 2017 WL 6628616, at *7.

Moreover, Farkash's motive to pursue this litigation is unclear. For example, in addition to his request that the Court "liberally construe the RICO laws" and award him damages, Farkash also requests that the Court issue an order referring allegations in the Complaint to the Federal Bureau of Investigations. *See* Compl. ¶ 163, Pl.'s Mem. ¶ 8. However, the identical lawsuits filed in three separate jurisdictions and the successive voluntary dismissals suggest Plaintiff's claims

are not brought in good faith. Accordingly, Farkash does not have an objective good faith expectation of prevailing. Any expectation of success is misguided.

Nevertheless, despite Farkash's peculiar behavior, the Court finds that the Moving Parties have failed to provide a sufficient basis to warrant the extraordinary remedy they seek. The Court therefore denies the Moving Parties' request for a permanent injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Notice of Voluntary Dismissal is GRANTED without prejudice, Plaintiff's Motion to Stay is DENIED, and the Moving Parties' Motion for Permanent Injunction is DENIED. The clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: September 23, 2019
      New York, New York

Andrew L. Carter, Jr.
**United States District Judge**