19-3572-cv
*Farkash v. Five Star Travel Inc., et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-one.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
DENNY CHIN,
            *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/01/2021

ISRAEL FARKASH,

                *Plaintiff-Appellant*,

            -v-                                                    19-3572-cv

FIVE STAR TRAVEL INC., KALMAN EISDORFER,
RACHEL EISDORFER, AHRON MORDECHI
GLAUBER, AKA AHRON MORDECHI
FRIEDMAN, MIRIAM GLAUBER, YONAH
GLAUBER, G&G QUALITY CLOTHING INC.,
FILLMORE CT INC., J.T. RUHAIPARI
VAMSZABADTERIILETI KORLATOLT
FELELOSSEGU TARSASAG, ELUZER HORVITZ,
SHULEM HOROWITZ, SHIMON DAVID
DAVIDOVIZ, FRIDA DAVIDOVIZ, NUCHEM

WELTZ, EIZIK BRAUN, DOV PINCHAS SEGAL,
JOHN DOE, 1-60, JANE DOE, 1-60,

                    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Israel Farkash, *pro se*, Brooklyn, New York. |
| FOR DEFENDANTS-APPELLEES: | Aaron Twersky, Twersky PLLC, New York, New York, *for* Five Star Travel Inc., Kalman Eisdorfer, Rachel Eisdorfer, Eizik Braun, and Dov Pinchas Segal. |
| | Avrom R. Vann, Avrom R. Vann, P.C., New York, New York, *for* Ahron Mordechi Glauber, Yonah Glauber, G&G Quality Clothing Inc., Fillmore CT Inc., J.T. Ruhaipari Vamszabadteriileti Korlatolt Felelossegu Tarsasag, Shimon David Davidoviz, and Frida Davidoviz. |
| | Miriam Glauber, *pro se*, Brooklyn, New York. |
| | Eluzer Horvitz, *pro se*, Brooklyn, New York. |
| | Shulem Horowitz, *pro se*, Brooklyn, New York. |
| | Nuchem Weltz, *pro se*, Brooklyn, New York. |

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

2

Plaintiff-appellant Israel Farkash, *pro se*, brought an action against defendants-appellees ("defendants") in April 2018 alleging that they had committed various federal crimes, including extortion, bribery, theft, fraud, and money laundering, that affected his property and business interests. On October 15, 2018, Farkash filed a notice of voluntary dismissal, but he asserted in the notice that the defendants had extorted him into dismissing his claims. Defendants disputed this assertion and moved to permanently enjoin Farkash from filing any further actions against them without court approval. In an opinion and order entered September 23, 2019, the district court denied defendants' motion for an injunction and dismissed the case after determining that, despite his assertions of coercion in his notice, Farkash's request for dismissal was voluntary. Farkash now appeals the district court's September 2019 order, arguing that once he filed his notice of voluntary dismissal in October 2018, the district court was divested of jurisdiction, and therefore any opinion or order subsequently entered is invalid.[1] We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

---

[1] This Court has jurisdiction notwithstanding the district court's failure to enter a separate judgment following its order dismissing the case. A judgment is deemed to have been entered 150 days after the order closing the case (here, 150 days after September 23, 2019 was February 20, 2020). Fed. R. Civ. P. 58; Fed. R. App. P. 4(a)(7). The parties may consent to appeal from a final order prior to entry of judgment, and parties are found to consent where, as here, one party appeals from a final order and the opposing party does not contest the appeal on the basis of the absence of a judgment. *See Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384-88 (1978) (per curiam) ("The need for certainty as to the timeliness of an appeal, however, should not prevent

3

As an initial matter, Farkash has standing to appeal because he presents a colorable claim that, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), the district court lacked jurisdiction over his claims once he filed a notice of voluntary dismissal, and therefore any subsequent order, even one resulting in a favorable judgment, is appealable. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) ("A voluntary dismissal [under Rule 41] . . . vitiate[s] and annul[s] all prior proceedings and orders in the case, and terminat[es] jurisdiction over it for the reason that the case has become moot." (internal quotation marks omitted)); *Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1077 (9th Cir. 2001) ("[A] party who had received a favorable judgment had standing to request vacatur of an opinion entered after the lower court had lost jurisdiction."). Although his jurisdictional arguments fail as discussed below, Farkash is correct that we have jurisdiction to review whether a district court erroneously entertained a suit it lacked jurisdiction over, even if we lack jurisdiction to review the merits. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("When the lower federal court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." (internal quotation marks and alterations omitted)).

---

the parties from waiving the separate-judgment requirement where one has accidentally not been entered.").

4

We review *de novo* the district court's interpretation of Rule 41(a)(1)(A)(i) and its application in an individual case. *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 824 (2d Cir. 2014). A plaintiff may dismiss an action he filed in federal court, without a court order, by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (under the heading "Voluntary Dismissal"). We have stated that "[a]s long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge." *Thorp v. Scarne*, 599 F.2d 1169, 1177 n.10 (2d Cir. 1979). The notice of dismissal itself "closes the file." *Id.* at 1176 (internal quotation marks omitted). Neither *Thorp* nor any other case in this Court, however, has addressed whether a plaintiff's notice of voluntary dismissal must be taken at face value even where the notice itself states that it was involuntarily filed.

The district court here correctly determined that Farkash's dismissal notice was not clearly a "voluntary" notice on its face. Rule 41(a)(1)(A)(i) allows for "voluntary" dismissal by a plaintiff, Fed. R. Civ. P. 41(a), but while Farkash's notice was labeled "Notice of Voluntary Dismissal," it contained assertions that he "had no choice but to enter an agreement" to dismiss the case because of "Defendants['] extortion and . . . malicious witch hunt to death." App'x at 20. Because these assertions conflicted with his "voluntary" label, the district court reasonably determined that further review was necessary because he had not clearly "brought himself within the requirements of

5

Rule 41." *Thorp*, 599 F.2d at 1177 n.10. Accordingly, we find no error in the district court's decision to take a closer look at Farkash's filing.[2]

Farkash next argues that he has suffered prejudice, collateral estoppel, and, in effect, a sanction as a result of the district court's findings that this action did not appear to have been filed in good faith and "border[ed] on vexatious and harassing." App'x at 65 (internal quotation marks omitted). We reject these arguments. Farkash does not provide factual support for his collateral estoppel claim, and his other claims of prejudice do not present any grounds for relief from this Court. We "review judgments, not statements in opinions," and "a party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree," even if such findings may "come back to haunt him in a future case." *O'Brien v. Vt. Agency of Nat. Res. (In re O'Brien)*, 184 F.3d 140, 141-42 (2d Cir. 1999) (internal quotation marks and alterations omitted). The district court ruled in Farkash's favor on the issue of sanctions and defendants' proposed injunction, and thus we will not review the statements within that opinion with which Farkash takes issue.[3]

---

[2] Farkash does not challenge the district court's ultimate determination that his dismissal was voluntary, and so we need not address the district court's findings on that issue.

[3] Farkash also moved this Court to take judicial notice of court documents from an Israeli bankruptcy proceeding he references in his briefs. These documents may be judicially noticed for the fact of their existence, and not for the truth of their contents. We need not take judicial

6

\* \* \*

We have considered Farkash's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court. Farkash's motion for the Court to take judicial notice of certain court documents filed in an Israeli bankruptcy proceeding is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

notice here, however, because the documents have no bearing on the instant appeal, and the case is now dismissed and closed. The motion is moot.